UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANTONIO PAUL,

                *Plaintiff*,

– against –

DEPARTMENT OF LABOR,

                *Defendant.*

**MEMORANDUM & ORDER**
25-cv-02662 (NCM) (MMH)

---

**NATASHA C. MERLE**, United States District Judge:

    *Pro se* plaintiff Antonio Paul filed this complaint against the New York State Department of Labor ("NYS DOL") on May 12, 2025. Compl., ECF No. 1. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for the limited purpose of this order.[1] ECF No. 2. For the reasons stated below, the complaint is hereby dismissed.

## BACKGROUND

    Plaintiff submitted his complaint on a form complaint for civil rights actions, however, he does not allege any violation of his civil rights. *See* Compl. Plaintiff alleges that he called and visited the NYS DOL but was unable to get unemployment benefits that he is owed. Compl. 5–6. He asks this Court "to get [his] unemployment refund of 18,928.00 dollars that was due to [him] during the pandemic." Compl. 6.

    Plaintiff attaches a December 4, 2020 determination letter from the NYS DOL indicating that his basic base wages for the period from July 2, 2019 to June 30, 2020 were $18,928.00. Compl. 8. This letter explained that if plaintiff met the eligibility requirements, this record of his basic base wages would entitle him to weekly

---

[1]    Plaintiff's IFP application claims zero assets, income, or living expenses.

1

benefits of $182.00. Compl. 8.

Plaintiff previously filed a similar case against the NYS DOL, in which he sought unemployment benefits and stated that he was "not using [his] unemployment to pay child support." *Paul v. Dep't of Lab.*, No. 24-cv-00095 (NCM) (LB), 2024 WL 198623, at *1 (E.D.N.Y. Jan. 18, 2024) (dismissing complaint for failure to state a claim, lack of subject matter jurisdiction, and because the only named defendant was immune from suit under the Eleventh Amendment). The Court dismissed that complaint and granted plaintiff leave to amend, but plaintiff did not file an amended complaint. The Court then entered an order on March 5, 2024 dismissing plaintiff's case. *See Paul v. Dep't of Lab.*, No. 24-cv-00095 (NCM) (LB), ECF No. 7.

## DISCUSSION

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction and because defendant is immune from suit based on sovereign immunity.

### I.     Lack of Subject Matter Jurisdiction

A plaintiff's complaint must include "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Nonetheless, when the Court reviews a *pro se* complaint, it must hold the complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). If it is possible that "a valid claim might be stated," the Court should give the *pro se* plaintiff an

opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, plaintiff does not include any basis for this Court's subject matter jurisdiction in his complaint. Specifically, plaintiff has not alleged a basis for his case to proceed in federal court. There are two types of federal subject-matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, *see* 28 U.S.C. § 1331, and diversity jurisdiction, which requires a lawsuit with a value of greater than $75,000 and in which no defendant is a citizen of the same state as the plaintiff, *see* 28 U.S.C. § 1332. Plaintiff utilizes a complaint for claims brought under a federal statute, 42 U.S.C. § 1983, but he does not allege that the defendant violated his constitutional rights, nor present any other grounds for relief. Plaintiff also fails to assert diversity jurisdiction or give any indication that plaintiff and defendant are citizens of different states.

Because plaintiff has not alleged a basis for the Court's subject matter jurisdiction, the complaint must be dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

**II. Sovereign Immunity**

States are immune from suit under the Eleventh Amendment unless the state consents to be sued or Congress has created an exception to sovereign immunity. *Bd. Of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). Further, a court shall dismiss an action where it is satisfied that the action "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff has not shown that the State of New York consented to be sued or that Congress created an exception to sovereign immunity that would allow him to bring suit

in federal court against the State of New York or any of its agencies related to unemployment benefits. Accordingly, to the extent that plaintiff seeks monetary relief from the State of New York, this claim is also dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## CONCLUSION

For the reasons discussed above, plaintiff's complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(iii). The Court finds that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. 28 U.S.C. § 1915(a)(3); *see Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court grants plaintiff leave to file an amended complaint within 30 days of this Order to attempt to cure the deficiencies identified herein. Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

Should plaintiff choose to file an amended complaint, the submission should be labeled "Amended Complaint," and include "Docket Number 25-cv-02662 (NCM) (MMH)." Plaintiff should explain how he was injured, who was responsible, and why he thinks this Court has jurisdiction to remedy the injury.

SO ORDERED.

                                                    /s/ Natasha C. Merle
                                                    NATASHA C. MERLE
                                                    United States District Judge

Dated:       June 4, 2025
               Brooklyn, New York